OPINION
Defendant-appellant Douglas A. Garrott, Jr. appeals his conviction and sentence on one count of theft, a felony of the fifth degree, entered by the Stark County Court of Common Pleas following a jury's verdict of guilty. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Appellant worked part-time as a disc jockey and accumulated a large number of music compact discs for use in his work.
In December, 1999, Jeremy Baltzly, an employee of the C.D. Warehouse, became aware people were attempting to sell what appeared to be stolen Wal-Mart C.D.s to the C.D. Warehouse. Nevertheless, Mr. Baltzly purchased C.D.s from a number of different individuals over a period of about two months. Mr. Baltzly anonymously notified the Stark County Sheriff's Department of his suspicions.[1] Det. Dattilio investigated the report.
Det. Dattilio collected cellophane wrappers and plastic frames from the garbage dumpster, located outside, behind the C.D. Warehouse. The Wal-Mart stickers were affixed to the wrappers. A Wal-Mart store manager identified the items as Wal-Mart property. Det. Dattilio also collected various invoices, check stubs and suspicious C.D.s from the manager of the C.D. Warehouse.
On or about January 13, 2000, to January 24, 2000, appellant and a friend went to the C.D. Warehouse to sell two C.D.s. The manager of the C.D. Warehouse purchased the C.D.s from appellant. The manager suspected the C.D.s were stolen and called Det. Dattilio. Det. Dattilio was unable to determine whether the C.D.s were stolen. However, Det. Dattilio did question appellant, appellant's wife, Kathy Garrott, and appellant's friend, Christopher Roberts.
Christopher Roberts testified, in January, 2000, appellant suggested he (Roberts) steal C.D.s from Wal-Mart. According to Roberts, he, appellant, and appellant's wife went to Wal-Mart on several occasions in appellant's vehicle. Roberts stole C.D.s while appellant and his wife waited in the car. The three removed the Wal-Mart stickers and then sold the C.D.s to the C.D. Warehouse. The C.D. Warehouse paid them in cash on some occasions and with checks on other occasions. The C.D. Warehouse's checkbook register and check stubs indicated three checks, totaling $520, were written to appellant's wife. Appellant's wife was the only one of the three who could cash the checks.
Mr. Baltzly testified he purchased C.D.s from Roberts on several occasions.
Appellant was indicted on one count of theft, in violation of R.C.2913.02, a felony of the fifth degree. Appellant entered a plea of not guilty to the indictment.
A jury trial was commenced on July 5, 2000. The jury returned a verdict of guilty. Via Judgment Entry filed July 17, 2000, the trial court entered appellant's conviction and sentence. It is from that judgment entry appellant prosecutes his appeal, assigning as error:
 I. THE APPELLANT'S CONVICTION MUST BE REVERSED AS IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THERE IS INSUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTION.
 II. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT IN REFUSING TO GIVE THE REQUESTED INSTRUCTION TO THE JURY OF THE LESSER INCLUDED MISDEMEANOR OFFENSE OF PETTY THEFT.
 I
Herein, appellant contests the sufficiency and weight of the evidence offered by the State to prove the value of the stolen C.D.s was $500 or more. Appellant recites portions of the trial testimony of Wal-Mart manager, Marci Sloneker, C.D. Warehouse employee, Jeremy Baltzly, C.D. Warehouse manager, Jason Leenaarts, Christopher Roberts, C.D. Warehouse employee, Travis Biggrigg, and Det. Dattilio. Appellant argues, "Although there are bits and pieces of testimony as to value scattered through out the record, the record is devoid of evidence establishing beyond a reasonable doubt any specific number of items taken by the defendant, any specific value attached to these items, or at least that the items taken had a value greater than $500." Appellant's Brief at 8-9.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Jenks, supra, at paragraph two of the syllabus.
When applying the aforementioned standard of review to the case subjudice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
We find there was competent, credible evidence to support the jury's conclusion the value of the stolen C.D.s totaled $500 or more. Roberts testified they (appellant, appellant's wife and Roberts) sold C.D.s to the C.D. Warehouse on at least six occasions.
State's Exhibit 6-A, a copy of the C.D. Warehouse's checkbook register, indicates the C.D. Warehouse paid appellant's wife a total of $520 via three separate checks for the stolen Wal-Mart C.D.s. This evidence provided both sufficient and competent, credible evidence to support the jury's conclusion the value of the stolen C.D.s was $500 or more.
Appellant's first assignment of error is overruled.
 II
Herein, appellant claims error in the trial court's refusal to instruct the jury on the lesser included offense of petty theft. Specifically, as in appellant's first assignment of error, he argues the evidence supports the conclusion the value of the stolen C.D.s was less than $500. We disagree.
The State acknowledges petty theft is a lesser included offense of theft as charged in the indictment pursuant to the test set forth inState v. Deem (1988), 40 Ohio St.3d 205. However, a jury instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Kidder (1987),32 Ohio St.3d 279. Under the facts presented in the case sub judice, particularly the unrefuted evidence appellant's wife received three checks totaling $520 plus an additional amount of cash for the stolen C.D.s, we agree with appellee the jury could not reasonably find the value of the stolen property was less than $500; therefore, the jury could not reasonably acquit appellant on felony theft, yet convict him on petty theft.
The trial court did not err in refusing to give the requested instruction on petty theft.Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
 ___________ Hoffman, J.
[1] Mr. Baltzly was subsequently fired by the C.D. Warehouse.